Case: 1:24-cr-00412 Document #: 3 Filed: 09/05/24 Page 1 of 7 PageID #:9

Judge LaShonda A. Hunt
Magistrate Judge Jeffrey T. Gilbert
RANDOM/Cat. 3


FILED
9/5/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
BI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TINA FEUERSTEIN | Violation: Title 18, United States Code, Section 1343 |

## COUNT ONE

The SPECIAL JUNE 2024 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant TINA FEUERSTEIN was employed at Company A, a company based in Pennsylvania that sold wallcovering designs. FEUERSTEIN worked in Company A's accounting department and served as its Chief Financial Officer ("CFO").

    b. Company A was owned by Company B, a company located in the Northern District of Illinois.

    c. In connection with FEUERSTEIN's employment, Company A provided her with an American Express credit card to be used for business-related purchases.

    d. As an employee in the accounting department and as CFO, FEUERSTEIN was responsible for Company A's financial management and had administrator access to Company A's automated accounting system.

1

2. Beginning in or around November 2016 and continuing through in or around February 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

TINA FEUERSTEIN,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that FEUERSTEIN misappropriated approximately $1,090,020 from Company A, by fraudulently using her Company A American Express credit card to make personal purchases, including for groceries, utility bills, trips, merchandise, furniture, luxury handbags, and other expenses incurred by herself, her husband, and her children, and concealing those purchases from Company A and Company B personnel.

4. It was further part of the scheme that, in order to fraudulently obtain money from Company A, FEUERSTEIN caused Company A to reimburse her corporate American Express credit card for purchases that FEUERSTEIN knew were unauthorized.

5. It was further part of the scheme that, in order to conceal her misappropriation of funds from Company A and Company B, FEUERSTEIN used her position in the accounting department at Company A to conceal her unauthorized

purchases by hiding those expenses within Company A's automated accounting system so that those expenses were not readily visible to other Company A personnel.

6. It was further part of the scheme that, in order to conceal her misappropriation of funds from Company A, FEUERSTEIN knowingly caused false entries to be made in Company A's accounting system, which disguised personal payments on FEUERSTEIN's Company A American Express credit card as seemingly legitimate business expenses of Company A.

7. It was further part of the scheme that FEUERSTEIN knowingly misrepresented and omitted material facts to management and ownership of Company A and Company B concerning her spending on her Company A American Express credit card, including the nature of personal expenditures that FEUERSTEIN made on that credit card.

8. It was further part of the scheme that FEUERSTEIN misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme from Company A and Company B through various means.

9. As a result of the scheme, FEUERSTEIN fraudulently misappropriated approximately $1,090,020 from Company A.

10. On or about March 31, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TINA FEUERSTEIN,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate email communication from FEUERSTEIN to Company B employees in the Northern District of Illinois, attaching financial statements that concealed her misappropriation of funds;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JUNE 2024 GRAND JURY further charges:

1. Paragraphs 1 through 9 of Count One are incorporated here.

2. On or about June 27, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TINA FEUERSTEIN,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate email communication from FEUERSTEIN to Company B employees in the Northern District of Illinois attaching financial statements that concealed her misappropriation of funds;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JUNE 2024 GRAND JURY further charges:

1. Paragraphs 1 through 9 of Count One are incorporated here.

2. On or about August 5, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TINA FEUERSTEIN,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate email communication from FEUERSTEIN to a Company B employee in the Northern District of Illinois, regarding Company B's financial performance that concealed her misappropriation of funds;

In violation of Title 18, United States Code, Section 1343.

## **COUNT FOUR**

The SPECIAL JUNE 2024 GRAND JURY further charges:

1. Paragraphs 1 through 9 of Count One are incorporated here.

2. On or about October 8, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TINA FEUERSTEIN,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate email communication from FEUERSTEIN to Company B employees in the Northern District of Illinois, regarding Company B's financial performance that concealed her misappropriation of funds;

In violation of Title 18, United States Code, Section 1343.


A TRUE BILL:


_____
FOREPERSON


_____
Signed by Jason A. Yonan on behalf of the
ACTING UNITED STATES ATTORNEY